UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BENJAMIN SCHWARTZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:21-cv-00239 |
| RUTHERFORD COUNTY, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

Benjamin Schwartz, a pretrial detainee at the Rutherford County Detention Center in Murfreesboro, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper (Doc. No. 5). The Complaint is before the Court for an initial review under the Prison Litigation Reform Act and the in forma pauperis statute.

**I. Application to Proceed as a Pauper**

The Court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper (Doc. No. 5) reflects that he cannot pay the filing fee in advance without undue hardship, so it will be granted. The $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

**II. Initial Review**

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A. Factual Allegations

Plaintiff alleges that, on January 31, 2021,[1] he told jail staff that he had "a bacterial infection over [his] neck artery." (Doc. No. 1 at 5). This ailment "grew to the size of a baseball" over the next five days. (Id.). On February 4, Dr. Rudd examined Plaintiff and started him on a regimen of two antibiotic shots every 24 hours. (Id.). Plaintiff told Dr. Rudd that he was in "immense pain," but Dr. Rudd refused to "treat [Plaintiff's ailment] properly" or refer him to the hospital. (Id.). At one point, Plaintiff's "blood was so viscous that it couldn't be drawn for testing." (Id.). On February 7, Plaintiff "repeatedly alerted" jail staff of his worsening condition, and they ignored Plaintiff until his mother called the jail to "impress upon [jail staff] the severity" of Plaintiff's condition. (Id.). Plaintiff was then taken to "emergency surgery at Stonecrest Medical Center." (Id.). Plaintiff sues Rutherford County and Chief Fly in his official capacity, seeking monetary damages. (Id. at 6).

### C. Analysis

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

#### 1. Chief Fly

As an initial matter, Plaintiff's official-capacity claim against Rutherford County employee Chief Fly is redundant because it is essentially a claim against Rutherford County, and the County itself is named as a Defendant. See Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities

---

[1] Although Plaintiff does not specify the year of the events giving rise to the Complaint, the Court assumes it to be 2021 for the purpose of conducting this initial review.

stand in the shoes of the entity they represent."). And Plaintiff does not bring this action against Chief Fly in his individual capacity. (Doc. No. 1 at 2). Accordingly, Chief Fly will be dismissed as a party.[2]

### 2. Rutherford County

Plaintiff alleges that he received inadequate medical care. As a pretrial detainee, the Fourteenth Amendment establishes the right for Plaintiff to be free from "deliberate indifference to serious medical needs." Griffith v. Franklin Cnty., Ky., 975 F.3d 554, 566–67 (6th Cir. 2020) (citations omitted). The Sixth Circuit applies "the same 'deliberate indifference' framework to Eighth-Amendment claims brought by prisoners as Fourteenth-Amendment claims brought by pretrial detainees." Id. at 567 (collecting cases). Therefore, this claim has "both an objective and a subjective component. The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." Dominguez v. Corr. Med. Servs., 555 F.3d 543, 550 (6th Cir. 2009) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). "The subjective component, in contrast, requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" Id. (quoting Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001)).

Additionally, to state a claim against a municipality like Rutherford County under Section 1983, Plaintiff must allege that he "suffered a constitutional violation" and that the County's "policy or custom directly caused the violation." Hardrick v. City of Detroit, Mich., 876 F.3d 238,

---

[2] Even if Plaintiff brought this action against Chief Fly in his individual capacity, moreover, Fly would still be subject to dismissal because Plaintiff does not make any specific allegations about Fly in the body of the Complaint. See Gilmore v. Corr. Corp. of Am., 92 F. App'x 188, 190 (6th Cir. 2004) (citation omitted) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.").

3

243 (6th Cir. 2017) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1978)). Allegations that Plaintiff suffered a constitutional violation by Rutherford County employees, alone, are insufficient to impose liability on the County itself. See D'Ambrosio v. Marino, 747 F.3d 378, 388–89 (6th Cir. 2014) (quoting Monell, 436 U.S. at 691) ("A municipality may not be held liable under § 1983 on a respondeat superior theory—in other words, 'solely because it employs a tortfeasor.'").

Here, Plaintiff satisfies the objective component of a deliberate-indifference claim by alleging that he had an immensely painful bacterial infection that grew to the size of a baseball and thickened his blood. As to the subjective component, Plaintiff satisfies the requirement that Rutherford County was aware of his medical needs by alleging that he alerted jail staff of the infection on January 31, was examined by Dr. Rudd on February 4, and again alerted jail staff of his worsening condition on February 7. For the purpose of initial review, Plaintiff also satisfies the requirement that Rutherford County disregarded his medical needs, at least for the period from January 31 through February 4, when Plaintiff did not receive any treatment. That is sufficient to allege that Plaintiff suffered a constitutional violation, even if it is unclear whether Plaintiff can satisfy the subjective component for the period following February 4, when he saw Dr. Rudd and started receiving treatment. See Griffith, 975 F.3d at 568 (quoting Burgess v. Fischer, 735 F.3d 462, 477 (6th Cir. 2013)) ("Where the plaintiff has received some medical treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.") (internal citations and quotation marks omitted).

Plaintiff, however, fails to state a claim against Rutherford County because he does not make any allegation from which the Court can reasonably infer that the County had a "policy or custom" that was the moving force behind the asserted constitutional violation. "There are four

methods of showing . . . a policy or custom: the plaintiff may prove '(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.'" Jackson v. City of Cleveland, 925 F.3d 793, 828 (6th Cir. 2019) (quoting Burgess v. Fischer, 735 F.3d 462, 478 (6th Cir. 2013)).

Because Plaintiff is representing himself, he will have an opportunity to file an Amended Complaint that states a claim for denial of adequate medical care in light of these standards.

### III.  Conclusion

For these reasons, Plaintiff fails to state a claim under Section 1983 at this time. Accordingly, this action will be dismissed. As explained in the accompanying Order, however, this dismissal will be with leave for Plaintiff to file an Amended Complaint regarding his claim for deliberate indifference to serious medical needs. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE