# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| BENJAMIN SCHWARTZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:21-cv-00239 |
| RUTHERFORD COUNTY, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Benjamin Schwartz filed this pro se civil rights action under 42 U.S.C. § 1983 while he was a pretrial detainee at the Rutherford County Detention Center in Murfreesboro, Tennessee. The Court granted Plaintiff's application to proceed as a pauper, screened the Complaint under the applicable statutes, and dismissed this action for failure to state a claim against the named Defendants. (Doc. Nos. 6, 7). However, this dismissal was without prejudice to Plaintiff's ability to file an Amended Complaint regarding his clam for deliberate indifference to serious medical needs. (See id.). Since that time, Plaintiff updated his address to a residential address (Doc. No. 11 at 4) and submitted a timely Amended Complaint. (Doc. No. 13). The Amended Complaint is before the Court for an initial review, and as explained below, this action will be reopened and referred to the Magistrate Judge for further development.

**I.     Initial Review**

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court also must liberally construe pro se pleadings and hold them to "less

stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A.     Factual Allegations

The alleged events giving this to this action occurred at the Rutherford County Detention Center in early 2021. (Doc. No. 13 at 2, 4). Plaintiff alleges that, from January 31 to February 4, 2021, he received "no medical treatment at all" for an infection on his neck that was the size of a baseball. (Doc. No. 13 at 4). From February 4 to February 7, the only treatment Plaintiff received was antibiotics. (Id.). And on February 7, Plaintiff was transported to StoneCrest Hospital, where a surgeon gave Plaintiff an MRI and "immediately took [him] to the operating room." (Id.). The surgeon "cut [Plaintiff's] neck open and got the infection out." (Id.). Plaintiff remained at StoneCrest for 3 days, receiving intravenous antibiotics. (Id.). It took a month for the hole in Plaintiff's neck to heal. (Id.).

Plaintiff alleges that Dr. Rudd, a doctor at Rutherford County Detention Center (id. at 2), knew that Plaintiff "needed to go to the hospital" and that Plaintiff's infection was "life threatening," but Dr. Rudd disregarded Plaintiff's medical needs. (Id. at 4). Before being transported to the hospital, Plaintiff was "begging to go to the hospital daily" for 9 days because he was "in the most pain [he has] ever been in [in his life]." (Id.).

Plaintiff sues Dr. Rudd and Rudd Medical, seeking monetary damages. (Id. at 2, 4).

### B.     Standard of Review

To determine whether a Complaint "fails to state a claim on which relief may be granted," the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to

determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

### C. Analysis

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

#### 1. Dr. Rudd

Plaintiff brings this action against Dr. Rudd in his individual capacity. (Doc. No. 13 at 2). Because Plaintiff was a pretrial detainee at the time of the asserted constitutional violations, the Fourteenth Amendment protected Plaintiff from "deliberate indifference to serious medical needs." Griffith v. Franklin Cnty., Ky., 975 F.3d 554, 566–67 (6th Cir. 2020) (citations omitted). The Sixth Circuit applies "the same 'deliberate indifference' framework to Eighth-Amendment claims brought by prisoners as Fourteenth-Amendment claims brought by pretrial detainees." Id. at 567 (collecting cases). Therefore, this claim has "both an objective and a subjective component. The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." Dominguez v. Corr. Med. Servs., 555 F.3d 543, 550 (6th Cir. 2009) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). "The subjective component, in contrast, requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the

3

inference, and that he then disregarded that risk.'" Id. (quoting Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001)).

Here, accepting the allegations as true, the Court concludes that Plaintiff states a claim against Dr. Rudd. Plaintiff satisfies the objective component by alleging that he had an immensely painful infection that grew to the size of a baseball on his neck. And Plaintiff satisfies the subjective component by alleging that Dr. Rudd was aware of his medical needs but disregarded Plaintiff's repeated pleas to go to the hospital. That is sufficient to allege that Plaintiff suffered a constitutional violation, even if it is unclear whether Plaintiff can satisfy the subjective component for the period following February 4, when he started receiving some treatment. See Griffith, 975 F.3d at 568 (quoting Burgess v. Fischer, 735 F.3d 462, 477 (6th Cir. 2013)) ("Where the plaintiff has received some medical treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.") (internal citations and quotation marks omitted). Accordingly, Plaintiff's claim against Dr. Rudd will proceed for further development.

### 2. Rudd Medical

Plaintiff also brings this action against Rudd Medical. For the purpose of initial review, the Court infers that Rudd Medical is a private entity contracted to provide medical services for inmates at Rutherford County Detention Center. (See Doc. No. 13 at 2 (listing Rudd Medical's job or title as "tak[ing] care of inmates['] medical needs")).

To state a Section 1983 claim against a private entity like Rudd Medical, however, Plaintiff must allege that the asserted constitutional deprivation he suffered was directly caused by a policy or custom of Rudd Medical. Savoie v. Martin, 673 F.3d 488, 494 (6th Cir. 2012) (citing Miller v. Sanilac Cnty., 606 F.3d 240, 255 (6th Cir. 2010)). Allegations that Plaintiff suffered a

constitutional violation by Rudd Medical employees, alone, are insufficient to impose liability on Rudd Medical itself. See D'Ambrosio v. Marino, 747 F.3d 378, 388–89 (6th Cir. 2014) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)) ("A municipality may not be held liable under § 1983 on a respondeat superior theory—in other words, 'solely because it employs a tortfeasor.'").

Here, the Amended Complaint does not include allegations from which the Court can reasonably infer that a policy or custom attributable to Rudd Medical caused the asserted constitutional deprivation. Accordingly, Plaintiff fails to state a claim against Rudd Medical.

## II. Conclusion

For these reasons, the Court concludes that Plaintiff states an arguably non-frivolous claim against Dr. Rudd for deliberate indifference to serious medical needs. The Clerk is therefore **DIRECTED** to **REOPEN** this case. Rudd Medical, however, is **DISMISSED** as a party.

The Court's determination that the Amended Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a Motion to Dismiss any claim under Federal Rule of Civil Procedure 12.

The Clerk is **DIRECTED** to send Plaintiff one service packet (a blank summons and USM 285 form). Plaintiff **MUST** complete and return a service packet for Dr. Rudd to the Clerk's Office within **30 DAYS** of the date this Order is entered on the docket. Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

Plaintiff is warned that failure to return a completed service packet within the required time period could jeopardize prosecution of this action, but he may request additional time for

complying with this Order, if necessary. Plaintiff is also warned that he must keep the Clerk's Office informed of his current address at all times.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE