IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BENJAMIN SCHWARTZ,<br>    Plaintiff,<br><br>v.<br><br>JOHN RUDD, MD,<br>    Defendant. | )<br>)<br>)<br>)   Civil Action No. 3:21-cv-00239<br>)   Chief Judge Crenshaw / Frensley<br>)<br>) |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION AND BACKGROUND

This matter is before the Court upon a Motion for Summary Judgment filed by Defendant John Rudd, MD. Docket No. 19. As grounds for his Motion, Defendant argues that Plaintiff lacks the proof necessary to establish that he acted with deliberate indifference during Plaintiff's medical treatment. *Id.* Specifically, Defendant argues that Plaintiff cannot establish either that he "suffered from a 'serious' medical need or that Dr. Rudd's treatment was so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness." *Id.* Defendant further argues that Plaintiff cannot establish that he consciously disregarded a substantial risk of harm to Plaintiff, and additionally cannot establish that any alleged act or omission committed by Defendant caused an injury to Plaintiff that would not otherwise have occurred. *Id.*

Defendant also argues that Plaintiff cannot sustain his Eighth Amendment claims because, as a pre-trial detainee, his claims fall under the Fourteenth Amendment, and that, accordingly, Plaintiff's Eighth Amendment claims fail as a matter of law. *Id.* Finally, Defendant argues that any claims against him that may be construed as state law claims should be dismissed because Plaintiff failed to comply with the Certificate of Good Faith and Pre-Suit Notice requirements set forth in Tennessee's Health Care Liability Act, codified at Tenn. Code Ann. §§ 29-26-121 and 29-26-122.

Along with his Motion, Defendant has contemporaneously filed a supporting Memorandum of Law (Docket No. 19-3), a Statement of Undisputed Material Facts (Docket No. 19-2), and his Declaration ("Def. Dec.") (Docket No. 19-1).

Plaintiff initially failed to respond to Defendant's Motion. On December 28, 2021, the undersigned ordered Plaintiff to show cause by January 11, 2022, why his claim should not be dismissed for failure to prosecute or for the reasons set forth in Defendant's Motion for Summary Judgment. Docket No. 21. On January 11, 2022, Plaintiff filed a letter stating his "Reason's [*sic*] this claim should not be dismissed." Docket No. 22. The undersigned will construe Plaintiff's letter as a Response for purposes of the instant Motion; however, Plaintiff has not responded to Defendant's Statement of Material Facts, nor has he filed his own Statement of Material Facts.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his Eighth and Fourteenth Amendment rights. Docket No. 13. Plaintiff avers that Defendant knew that he had a "life threatening" infection and needed to go to the hospital but disregarded Plaintiff's serious medical need and Plaintiff's pain. *Id.* Specifically, Plaintiff avers:

> From 1/31/21-2/4/21 I received no medical treatment at all. The infection on my neck was a baseball size. From 2/4/21-2/7/21 I received very little treatment as well all I got was antibiotics. On 2/7/21 I went to Stonecrest hospital where my surgeon was astonished about my condition. He gave me an MRI and immediately took me to the operating room. He cut my neck open and got the infection out. I stayed at Stonecrest for 3 days receiving antibiotics IV antibiotics [*sic*]. I had a hole in my neck for the next month before it finally healed.

*Id.*

Plaintiff sues Defendant in his individual capacity, seeking compensatory and punitive damages. *Id.*

For the reasons discussed below, the undersigned finds that there are no genuine issues of material fact and that Defendant is entitled to a judgment as a matter of law. Accordingly, the

undersigned recommends that Defendant's Motion for Summary Judgment (Docket No. 19) be **GRANTED**.

## II. UNDISPUTED FACTS[1]

### A. Declaration of John Rudd, MD

John Rudd, MD, is a practicing medical doctor licensed to practice in the State of Tennessee for over thirty years. Docket No. 19-1, Declaration of John Rudd, MD ("Def. Dec."), ¶ 3.

Plaintiff was a pre-trial detainee at the Rutherford County Adult Detention Center from on or about January 30, 2021, through his release on or about April 8, 2021. *Id.*, ¶ 5. Upon his arrival to the Rutherford County Adult Detention Center, Plaintiff had a small abscess/knot on his neck. *Id.*, ¶ 6. This condition pre-existed his arrival to the Detention Center. *Id.* Defendant was one of the medical providers involved in treating Plaintiff's non-life-threatening condition. *Id.*

As soon as medical personnel were notified of the small knot on Plaintiff's neck, it was immediately monitored and treated. *Id.*, ¶ 7. The small knot was thoroughly and adequately treated, including with antibiotic medication. *Id.* Plaintiff was seen multiple times by medical personnel regarding the knot, and Defendant came to the Detention Facility over the weekend to personally assess it. *Id.* Edges of the knot were marked to help assess whether it was getting bigger or smaller. *Id.* In Defendant's medical judgment, the knot needed to be treated with antibiotics and monitored to see if it improved or not. *Id.* At no time did Plaintiff's condition go untreated, nor was he in serious risk of harm. *Id.*

After a few days of treatment via antibiotics and monitoring by medical personnel, the knot

---

[1] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

did not heal and appeared to increase somewhat in size. *Id.*, ¶ 8. Therefore, Defendant called and spoke with a local surgeon. *Id.* Plaintiff was then transferred to TriStar StoneCrest Medical Center on or about February 7, 2021 (just one week after his arrival to the Detention Center). *Id.* At the hospital, Plaintiff underwent a minor procedure to drain the abscess. *Id.* A small incision was made, and the abscess was drained. *Id.* The drainage of the abscess was uneventful. *Id.* Plaintiff returned to the Rutherford County Adult Detention Center thereafter. *Id.*

The area completely healed shortly thereafter, and Plaintiff fully recovered. *Id.*, ¶ 9. The area healed well before Plaintiff left the Rutherford County Adult Detention Center. *Id.* Plaintiff left the Detention Center in better condition than when he arrived. *Id.*

While the treatment provided may not have been what Plaintiff wanted, it was appropriate treatment and well within the recognized standard of acceptable professional practice. *Id.*, ¶ 10.

During Defendant's care and treatment of Plaintiff, Defendant fully complied with the recognized standard of acceptable professional practice required of a physician. *Id.*, ¶ 11.

Plaintiff suffered no injuries or damages whatsoever due to any alleged acts or omissions by Defendant. *Id.*, ¶ 12. There was no detrimental effect to Plaintiff due to any alleged delay in treatment or alleged wrongdoing by Defendant. *Id.*

Defendant did not disregard a substantial risk of serious harm to Plaintiff's health during his involvement with Plaintiff's condition. *Id.,* ¶ 13. On the contrary, Defendant provided thorough and appropriate care to Plaintiff, which helped resolve his pre-existing condition. *Id.* There was no delay in Plaintiff receiving medical care for his abscess, and no alleged delay caused any injury to Plaintiff. *Id.*

Defendant did not receive any documentation amounting to pre-suit notice pertaining to this lawsuit. *Id.*, ¶ 4. Defendant was not made aware of the lawsuit until after it was filed. *Id.*

### III. LAW AND ANALYSIS

#### A. Local Rules 56.01(c) and (f)

With regard to responses to the requisite Statement of Undisputed Facts filed contemporaneously in support of a Motion for Summary Judgment, Local Rules 56.01(c) and (f) state:

> **(c) Response to Statement of Facts**. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either:
>
> (1) Agreeing that the fact is undisputed;
>
> (2) Agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or
>
> (3) Demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record.
>
> The response must be made on the document provided by the movant or on another document in which the non- movant has reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant. Such response must be filed with the papers in opposition to the motion for summary judgment. In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute. A copy of the statement of additional disputed facts must also be provided to opposing counsel in an editable electronic format. Pro se parties are excused only from providing a copy of the statement of additional disputed material facts to opposing counsel in an editable electronic format, and such pro se parties must otherwise comply with the requirements of this section.
> . . .
> **(f) Failure to Respond.** If a timely response to a moving party's statement of material facts, or a non-moving party's statement of additional facts, is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment.

Plaintiff has failed to respond to Defendant's Statement of Undisputed Material Facts or file his own Statement of Material Facts. Pursuant to Local Rule 56.01(f), Plaintiff's failure to

5

respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

### B. Motion for Summary Judgment

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to properly respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden . . . The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met his burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the

6

Case 3:21-cv-00239   Document 26   Filed 06/27/22   Page 6 of 11 PageID #: 136

light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

### C. 42 U.S.C. § 1983

#### 1. Generally

Plaintiff, who at all times relevant to the instant action was a pretrial detainee, alleges violations of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S.

42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

### 2. Eighth Amendment

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994)*.*

### 3. Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment extends Eighth Amendment

protections to pretrial detainees. *Richmond v. Hug*, 885 F.3d 928, 937 (6th Cir. 2018). Pretrial detainees therefore have a Fourteenth Amendment right to "adequate medical treatment." *Id.*

Fourteenth Amendment pretrial detainee deliberate indifference claims are analyzed the same way as the Eighth Amendment prisoner claims, discussed above. *Id.* Thus, a pretrial detainee's right is violated when "prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Id.*

E.   **The Case at Bar**

Plaintiff alleges that Defendant was deliberately indifferent to his serious medical needs, in violation of his Eighth and Fourteenth Amendment rights. Docket No. 13. Plaintiff has failed, however, to adduce any evidence whatsoever in a form required by the Federal or Local Rules to support his claims.

In fact, it is undisputed that Plaintiff's abscess was present on his neck upon his arrival to the Rutherford County Adult Detention Center. Def. Dec., ¶ 6. It is further undisputed that, as soon as medical personnel were notified of the small knot on Plaintiff's neck, it was immediately monitored and thoroughly and adequately treated, including with antibiotic medication. *Id.*, ¶ 7. It is still further undisputed that Plaintiff was seen multiple times by medical personnel regarding the abscess; that Defendant came to the Detention Facility over the weekend to personally assess it; and that the edges of the knot were marked to help assess whether it was getting bigger or smaller. *Id.*

It is additionally undisputed that, upon Defendant's medical judgment, the abscess needed to be treated with antibiotics and monitored to see if it improved or not; that after a few days of treatment via antibiotics and monitoring by medical personnel, the knot did not heal and appeared to increase somewhat in size; that Defendant therefore called and spoke with a local surgeon; that

Plaintiff was then transferred to TriStar StoneCrest Medical Center on or about February 7, 2021 (just one week after his arrival to the Detention Center); that at the hospital, Plaintiff underwent a minor procedure to drain the abscess (which was uneventful); and that Plaintiff returned to the Rutherford County Adult Detention Center thereafter. *Id.,* ¶¶ 7, 8.

Moreover, it is undisputed that the area completely healed shortly thereafter, and Plaintiff fully recovered before he left the Rutherford County Adult Detention Center; and that Plaintiff actually left the Detention Center in better condition than when he arrived. *Id.*, ¶ 9.

Finally, it is undisputed that, there was no delay in Plaintiff receiving medical care for his abscess; that at no time did Plaintiff's condition go untreated, nor was he in serious risk of harm, and while the treatment provided may not have been what Plaintiff wanted, it was appropriate treatment and well within the recognized standard of acceptable professional practice; that during Defendant's care and treatment of Plaintiff, Defendant fully complied with the recognized standard of acceptable professional practice; that Plaintiff suffered no injuries or damages whatsoever due to any alleged acts or omissions by Defendant; that there was no detrimental effect to Plaintiff due to any alleged delay in treatment or alleged wrongdoing by Defendant; and that Defendant did not disregard a substantial risk of serious harm to Plaintiff's health during his involvement with Plaintiff's condition, but rather, on the contrary, Defendant provided thorough and appropriate care to Plaintiff, which helped resolve his pre-existing condition. *Id.*, ¶¶ 7, 10, 11, 12, 13.

Because Plaintiff cannot establish that Defendant violated his constitutional rights, he cannot sustain his claims and Defendant is entitled to a judgment as a matter of law.

## IV. CONCLUSION

Given the foregoing, the undersigned finds that there are no genuine issues of material fact and that Defendant is entitled to a judgment as a matter of law. Accordingly, the undersigned

10

Case 3:21-cv-00239   Document 26   Filed 06/27/22   Page 10 of 11 PageID #: 140

recommends that Defendant's Motion for Summary Judgment (Docket No. 19) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**